## EXHIBIT A

## LIST OF ATTORNEYS/PARTIES

1.      Bryant Fitts
        FITTS LAW FIRM, PLLC
        2700 Post Oak Blvd., Ste. 1120
        Houston, Texas 77056
        Telephone: (713) 871-1670
        Facsimile: (713) 583-1492

*Attorney for Plaintiff,*
*Clara Newsome*

2.      Dale M. "Rett" Holidy
        Mark Shutt
        GERMER PLLC
        Three Allen Center
        333 Clay Street
        Houston, Texas 77002
        Telephone: (713) 650-1313
        Facsimile: (713) 739-7420

*Attorneys for Defendant,*
*State Farm Lloyds*

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

**CLARA NEWSOME VS. STATE FARM LLOYDS AND ERIC D. THIBAULT**

    (a)      Plaintiff's Original Petition and Jury Demand;

    (b)      Citation served on Defendant, State Farm Lloyds;

    (c)      Defendant State Farm Lloyds' Original Answer and Special Exceptions;

    (d)      Defendant State Farm Lloyds' Objection to Plaintiff's Notice Under Rule 193.7

    (e)      Defendants' Demand for Jury Trial; and

    (d)      Docket/Case Summary Sheet.

Filed
12/18/2015 3:53:55 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

NO.**15-DCV-228656**

| | | |
|---|---|---|
| CLARA NEWSOME | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | Fort Bend County - 434th Judicial District Court |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS and ERIC D. | § | |
| THIBAULT | § | |
| | § | |
| Defendants. | § | FORT BEND COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Clara Newsome, files this

Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions

of Defendants, STATE FARM Insurance Company and Eric D. Thibault and, in support,

respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2.      Clara Newsome ("Plaintiff") resides in Fort Bend County, Texas.

3.      Defendant State Farm Lloyds ("STATE FARM") is, according to the Texas

Department of Insurance, a domestic insurance company doing business in Texas that may be

served with process through its Registered Agent, Corporation Service Company, 211 E 7th St Ste

620, Austin, Texas 78701 -3218.

4.      Defendant, Eric D. Thibault ("Thibault"), is an individual who adjusted the claim

at issue and is engaged in the business of insurance in the State of Texas.. This Defendant may be

served with process at 17170 Kiln Acres Dr., Kiln, Mississippi 39556 -8320 or wherever he may be found.

### III.
### JURISDICTION & VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $100,000.00 and $200,000.00.

7.      Venue is proper in Fort Bend County, Texas because the insured property is situated in Fort Bend County, Texas and/or the contract was signed in Fort Bend County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

### IV.
### FACTS

8.      Plaintiff is a named insured under a property insurance policy (the "Policy") issued by STATE FARM. The Policy insures, among other things, against losses from wind and hail damage to Plaintiff's property, namely, the real property and improvements located at 8302 Tamayo Dr., Houston, Texas 77083 (the "Property").

9.      On or about June 16, 2015, during the policy period, a storm caused covered damage to the Subject Property. The damage include, but is not necessarily limited to, roof, gutter, fence, garage doors, and interior rooms.

10.     Shortly after the storm, plaintiff noticed damage to her home. She contacted STATE FARM by telephone to notify STATE FARM of the damages.

11.     Plaintiff submitted a claim to STATE FARM against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

12.     Plaintiff asked STATE FARM to honor its contractual obligations and cover the cost of repairs to Plaintiff's home.

13.     STATE FARM assigned its independent adjuster, Defendant Thibault, to adjust the Claim. Defendants STATE FARM and Thibault conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and Thibault spent an inadequate amount of time, less than thirty minutes on the investigation.

14.     Despite obvious visible wind damage and multiple indentations in the roof caused by hail and pointed out to him by Plaintiff's roofer, Thibault, on his own behalf and on behalf of STATE FARM, verbally misrepresented to the Plaintiff at the time of the inspection that the damage to her property was minor. Thibault then misrepresented, again on his own behalf and on behalf of STATE FARM in a letter to Plaintiff dated July 27, 2015 that Plaintiff's home had sustained minimal damage.

15.     Together, Defendants STATE FARM and Thibault set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

16.     Defendant STATE FARM failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy.  All conditions precedent to recovery upon the Policy have been performed by Plaintiff.  STATE FARM'S conduct constitutes a breach of the insurance contract between STATE FARM and Plaintiff.

17.     Even though Plaintiff's home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy did not provide coverage for the damage, falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

20.     Defendants failed to provide Plaintiff with a reasonable explanation for the denial of her claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21.     Defendant STATE FARM failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

22.     Defendant STATE FARM failed to accept Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23.     Defendant STATE FARM has delayed payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received any payment for her claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24.     Since the time Plaintiff's claim was presented to Defendant STATE FARM, the liability of STATE FARM to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, STATE FARM has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of STATE FARM'S duty of good faith and fair dealing.

25.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff.

26.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of the Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSES OF ACTION

### A.     Breach of Contract (Against STATE FARM)

27.     Defendant STATE FARM had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. STATE FARM breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

28.    Defendant STATE FARM is therefore liable to Plaintiff for breach of contract.

**B.    Prompt Payment of Claims Statute (Against STATE FARM)**

29.    The Claim is a claim under an insurance policy with Defendant STATE FARM, of which Plaintiff gave STATE FARM proper notice, causing STATE FARM to be liable for the Claim.

30.    Defendant STATE FARM violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

      a.    Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms STATE FARM reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

      b.    Failing to notify Plaintiff in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

      c.    Delaying payment of the Claim following STATE FARM'S receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

31.    Defendant STATE FARM is therefore liable to Plaintiff for damages.  In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.    Unfair Settlement Practices/Bad Faith (Against All Defendants)**

32.    Each of the foregoing paragraphs is incorporated by reference in the following.

33.    As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Defendant STATE FARM**

34. Defendant STATE FARM engaged in unfair settlement practices by:

    a. misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

    b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after STATE FARM'S liability had become reasonably clear;

    c. failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    d. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    e. refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

35. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant STATE FARM and was a producing cause of Plaintiff's damages. STATE FARM is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant Thibault**

36. Defendant Thibault was a contractor and/or adjuster assigned by Defendant STATE FARM to assist with adjusting the Claim. Defendant Thibault was charged with investigating the Claim and communicated with Plaintiff about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually

liable for violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

37.     Defendant Thibault was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

38.     Defendant Thibault conducted a substandard, results-oriented inspection of the Subject Property. As such, Thibault failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as required by the Policy and Texas law.

39.     Further, Defendant Thibault misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Thibault failed to provide Plaintiff with a reasonable explanation as to why STATE FARM was not compensating Plaintiff for the covered losses, or the true value thereof.

40.     Thus, Defendant Thibault engaged in unfair settlement practices by:

    a. misrepresenting to Plaintiff a material fact or Policy provision relating to the coverage at issue;

    b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after STATE FARM'S liability had become reasonably clear;

    c. failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for STATE FARM'S denial of a claim or offer of a compromise settlement of a claim; and/or

    d. failing to conduct a reasonable investigation of Plaintiff's Claim.

41.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Thibault and was a producing cause of Plaintiff's damages. Thibault is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**D.     DTPA (Against All Defendants)**

42.     Each of the foregoing paragraphs is incorporated by reference here fully.

43.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

44.     Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

       a.  Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

       b.  Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

       c.  Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed;

       d.  Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

       e.  Generally engaging in unconscionable courses of action while handling the claim; and/or

       f.  Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

45.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

46.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.     Breach of Duty of Good Faith and Fair Dealing (Against STATE FARM)**

47.     Defendant STATE FARM breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when STATE FARM knew or should have known liability was reasonably clear. STATE FARM'S conduct proximately caused Plaintiff's damages.

48.     Defendant STATE FARM is therefore liable to Plaintiff.

**F.     Attorneys' Fees**

49.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

50.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

51.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

52.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

53.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

54.     Plaintiff demands a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

55.     Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

56.     All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

57.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of Plaintiff's intent to use all discovery instruments produced in this case at trial.  Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiff prays that citations be issued and, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and Plaintiff be awarded attorneys' fees through trial and appeal,

costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION

PLAINTIFF in this case requests that Defendant(s) answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

Bryant Fitts

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.

_Bryant Fitts_

Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in the possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:
   a. Identify the title of the document and it's general subject matter;
   b. State the date of the document;
   c. Identify the persons who participated in its preparation;
   d. Identify the persons for whom it was prepared or to whom it was sent;
   e. State the nature of the privilege claims; and
   f. State in detail each and every fact upon which you base your claims for privilege.

4. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

5. "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

6. When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state
   a. His/her full name;
   b. Present or last known residence address;
   c. Present or last known business address; and,
   d. Present residence and/or business telephone number.

7. If you decide that one question constitutes more that one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions. By answering any numbered question, you are admitting that one number question is in fact one question and waive and objection based upon a limit of interrogatories.

8. "Plaintiff" and "Plaintiffs" refer to a single Plaintiff or multiple Plaintiffs, if applicable.

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**.  State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**Response:**

**Interrogatory No. 2**.  List the date(s) Defendant(s) requested that Plaintiff provide any of the named Defendants in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**Response:**

**Interrogatory No. 3**.  List the date(s) Defendant(s) received Plaintiff's claim(s) for coverage for property damages, the date(s) Defendant(s) first acknowledged Plaintiff's notice of claim(s), and in what form the notice of claim was submitted.

**Response:**

**Interrogatory No. 4**.  Do you contend that Plaintiff did not provide you and/or the adjuster or other third parties with all information you and/or the adjuster requested in order to properly evaluate Plaintiff's claim?  If so, please state what information was requested and not provided, and the dates of the requests.

**Response:**

**Interrogatory No. 5**.  State the basis, in fact and in the terms of the policy, for your denial or partial denial of any portion of Plaintiff's claim for coverage for hail damage to the Subject Property (or the adjuster's recommendation of denial).

**Response:**

**Interrogatory No. 6**.  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) making the basis of this lawsuit including the name, address and telephone number of the identified person's supervisor.  For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

**Response:**

**Interrogatory No. 7**. State the name, address, telephone number and job title or position of all persons and/or entities in Texas that have been approved to perform outside adjusting, accounting or engineering investigation and recommendations on Plaintiff's claims(s).

**Response:**

**Interrogatory No. 8**. State the number of years in which any adjuster involved in the claim at issue has adjusted, investigated and/or recommended any compromise settlement and/or payment of policies held by the insurance company involved in this case. Please also provide the date on which such adjuster was licensed as an adjuster in the State of Texas.

**Response:**

**Interrogatory No. 9**. For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training or other experiences such person has attended or received concerning knowledge of Texas Insurance Code Chapter 541. Formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**Response:**

**Interrogatory No. 10**. State the legal theories, and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**Response:**

**Interrogatory No. 11**. Identify every other insurance claim made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was denied in part or whole. State the name, phone number and address of the insured.

**Response:**

**Interrogatory No. 12**. For each investigation by a Texas governmental agency within the last four years into Defendant's(s') practices when handling first party claims for building damage, business personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant(s) communicated for purposes of the investigation.

**Response:**

**Interrogatory No. 13**.   List any and all courses, seminars, education, training or reference materials persons involved in adjusting the claim at issue attended or received specific to handling and investigating building damage.

**Response:**

**Interrogatory No. 14**.  List any and all experience each person involved in adjusting the claim at issue has concerning handling or adjusting property damage claims.

**Response:**

**Interrogatory No. 15**.  State the current annual salary each person involved in adjusting the claim at issue earns from the adjustment of insurance claims.  Please state any bonus and/or profit-sharing proceeds received in the last five years and how those bonus and/or profit-sharing proceeds were calculated.

**Response:**

**Interrogatory No. 16**.  Please state whether Defendant(s) took, or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff regarding the claim made the basis of this lawsuit.  If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement.  Please also state whether the statement was transcribed and where the statement is currently located and/or the last place Defendant(s) saw a transcription of same.

**Response:**

**Interrogatory No. 17**.   Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

**Response:**

**Interrogatory No. 18**.  State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made.

**Response:**

**Interrogatory No. 19**.  State the name, address, and telephone number of the office which each person involved in adjusting the claim at issue worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor during that time.

**Response:**

**Interrogatory No. 20.**  If you received complaints from an insurance agent concerning the handling of any hail or windstorm claims made pertaining to the same date of loss as this case, identify such agent by name, address, and telephone number.

**Response:**

**Interrogatory No. 21.**  Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim.  This request is limited to persons who live within a 5-mile radius of Plaintiff's insured residence.

**Response:**

## FIRST SET OF REQUEST FOR PRODUCTION

**Request for Production No. 1.** A certified copy of the insurance policy issued by Defendant to Plaintiff.

**Response:**


**Request for Production No. 2.** The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

**Response:**


**Request for Production No. 3.** The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**Response:**


**Request for Production No. 4.** The electronic diary, including the electronic and paper notes made by Defendant's(s') claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff claims.

**Response:**


**Request for Production No. 5.** Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of windstorm claims in Texas from the date of the loss at issue in this claim, and one year, and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 6.** Your written procedures or policies (including document(s) maintained in electronic form) in place from the date of loss at issue in this claim, and back on year, and forward one year, that pertain to the handling of complaints made by windstorm policyholder in Texas. If the party answering this request is an independent adjusted, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

**Response:**

**Request for Production No. 7.** The Operation Guides which relate to the handling of hail claims in Texas in effect from the date of loss at issue in this case, and back one and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 8.** The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 9.** Any engineering or other reports prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 10.** If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's insured property, and produce any reports concerning hail such radius.

**Response:**

**Request for Production No. 11.** If you contend that the damages are caused by anything other than the event at issue in the underlying claim, produce all related claim files, reports, and photos in your possession

**Response:**


**Request for Production No. 12.** Any roofing repair reports prepared concerning the Insured Location.

**Response:**


**Request for Production No. 13.** The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**Response:**


**Request for Production No. 14.** The emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

**Response:**


**Request for Production No. 15.** The videotapes, photographs and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**Response:**


**Request for Production No. 16.** Defendant's(s') internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas hail claims that were issues from one year prior to the date of loss at issue to one year after the date, including , but not limited to, memoranda issued to claims adjusters.

**Response:**


**Request for Production No. 17.** The price guidelines that pertain to the handling of claims arising out of hail storms. In the event you utilize published guidelines or "off the shelf" software, without medication, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**Response:**

**Request for Production No. 18.** The Plaintiff's file from the office of their insurance agent.

**Response:**

**Request for Production No. 19.** The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**Response:**

**Request of Production No. 20.** The documents, manuals and training materials, including audio and/or video tapes used in training, overseeing or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 21.** The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

**Response:**

**Request for Production No. 22.** The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluate the subject property.

**Response:**

**Request for Production No. 23.** The documents reflecting reserves applied to the subject claim.

**Response:**

**Request for Production No. 24.** For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

**Response:**

**Request for Production No. 25.** The managerial bonus or incentive place for managers responsible for windstorm claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 26.** The bonus or incentive plan for adjusters in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 27.** The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 28.** If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

**Response:**

**Request for Production No. 29.** The Complaint Log required to be kept by you for windstorm complaints in Texas filed over the past three years.

**Response:**

**Request for Production No. 30.** Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 31.** The contract between the Defendant insurer and the Defendant third party adjusting company.

**Response:**

**Request for Production No. 32.** The correspondence between the Defendant insurer and the third party adjusters/adjusting firms, engineers and other estimators who work on the claim that pertain to the Claim at issue.

**Response:**

**Request for Production No. 33.** Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's claim. This request is limited to persons who love within a 5 mile radius of Plaintiff's insured residence.

**Response:**

Filed
1/18/2016 10:25:35 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Nereyda Flores

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**

THE STATE OF TEXAS

CITATION

TO:   STATE FARM LLOYDS
      CORPORATION SERVICE COMPANY
      211 E 7TH ST STE 620
      AUSTIN TX  78701-3218

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and ; **PLAINTIFF'S ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS** filed on ; **December 18, 2015**, a default judgment may be taken against you.  Said answer may be filed by mailing same to: District Clerk's Office, 301 Jackson, Richmond, Texas 77469, or by bringing it to the office.  Our street address is 1422 Eugene Heimann Circle, Richmond, Texas 77469.  We are located on the first floor of the Courthouse building.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed on **December 18, 2015**. It bears cause number **15-DCV-228656** and is styled:

**CLARA NEWSOME V. STATE FARM LLOYDS AND ERIC D. THIBAULT**

The name and address of the attorney for **PLAINTIFF** is:

**CARLA DELPIT
FITTS LAW FIRM PLLC
2700 POST OAK BLVD SUITE 1120
HOUSTON TX  77056
713-871-1670**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the ; **PLAINTIFF'S ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 23rd day of December, 2015.**

**DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas**

By: _____
**Deputy District Clerk NEREYDA FLORES**
Telephone: (281) 633-7613

**ORIGINAL**

15-DCV-228656                                    434th Judicial District Court
Clara Newsome v. State Farm Lloyds and Eric D. Thibault

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the ___6th___ day of ___January___, 20_16_ at _12:00_ o'clock __P__ M.
Executed at _211 E. 7th St. Ste. 620 Austin TX. 78701_, within the County of __
_Travis_____, at _2:45_ o'clock __P__ M* on the ___8th___ day of _
_January_____, 20_16_ by delivering to the within named _State Farm Lloyds via registered agent_
_Corporation Service Company accepted by Sue Vertrees_, in person, a true copy of this citation together with
the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation
and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Corin E. Sparre
Name of Officer or Authorized Person

_____Travis_____ County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The
signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

*My name is ___Corin E. Sparre_____
         (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                              (Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in ___Travis_____ County, State of ___Texas_____, on the
day of _8th of Jan. 2016_____.

_____
Declarant / Authorized Process Server

___SCH 5625 exp: 9-30-18___
(Id # & expiration of certification)

**ORIGINAL**

Citation (Original Petition) issued to State Farm Lloyds on 12/23/2015

Filed
1/29/2016 3:17:45 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Nereyda Flores

## CAUSE NO. 15-DCV-228656

| | | |
|---|---|---|
| CLARA NEWSOME | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| ERIC D. THIBAULT | § | 434TH JUDICIAL DISTRICT |

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and files its Original Answer and Special Exceptions to the allegations contained in Plaintiff's Original Petition, and all subsequent amended or supplemented petitions filed against it, and shows as follows:

### I.
### GENERAL DENIAL

1.      State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.      **Policy Coverage Provisions**.  Under the Insuring Agreement, Plaintiff has the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period.  Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

1

3.      **Payment**.  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the policy in connection with the damages and the insurance claim, that give rise to Plaintiff's claims in this lawsuit.

4.      **Deductible/Offset**.  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

6.      **Failure of Policy Conditions/Conditions Precedent.**  State Farm hereby asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss."  Specifically, Plaintiff has failed to satisfy the conditions of the policy requiring Plaintiff to protect the property from further damage, which reads as follows:

**SECTION I – CONDITIONS**

\* \* \* \* \*

2.      **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

    a.      give immediate notice to us or our agent…

    b.      protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

\* \* \* \* \*

    d.      as often as we reasonably require:

        (1)      exhibit the damaged property;

2

    (2)  provide us with records and documents we request and permit us to make copies;

Plaintiff cannot recover, in whole or in part, on Plaintiff's breach of contract cause of action and, consequently, on all of the other causes of action alleged in Plaintiff's Original Petition, because of Plaintiff's failure to satisfy the conditions precedent contained in the policy at issue.

   **7.**  **Pre-Existing Damages**.  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, pre-existed the alleged occurrence of hail, wind, or wind-driven rain.

   **8.**  **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by normal wear and tear.  The policy at issue specifically provides:

**SECTION I – LOSSES NOT INSURED**

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

*  *  *  *  *

  g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

  h.  corrosion, electrolysis or rust;

  i.  wet or dry rot;

*  *  *  *  *

3

l.      settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

* * * * *

Plaintiff has claimed roof, structural, and exterior damage that resulted, in whole or in part, from and appears to have occurred over time as a result of age and deterioration, including wear, tear, deterioration, corrosion, rust, wet or dry rot, cracking and/or shrinking over time, which condition is specifically excluded under the policy at issue.

**9.**     **Neglect**.  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused, in whole or in part, by neglect.  The policy at issue specifically provides:

## SECTION I – LOSSES NOT INSURED

2.      We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs

* * * * *

c.      **Water Damage**, meaning:

(1)     Flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

* * * * *

d.      **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

* * * * *

10.     **Bona Fide/Legitimate Dispute**.  A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

11.     **Cap on Punitive Damages**.  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

12.     **Chapter 38 Attorney's Fees**.  Plaintiff cannot recover attorney's fees from State Farm under Chapter 38 of the Texas Civil Practice and Remedies Code.  "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract."  Tex. Civ. Prac. & Rem. Code § 38.001(8).  Chapter 38 does not apply to State Farm because it is an unincorporated association of underwriters. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

### III.
### SPECIAL EXCEPTIONS

13.     **Failure to Set Forth Specific Claims/Facts – Breach of Contract**.  State Farm specially excepts to Plaintiff's Original Petition because the vague and indefinite breach of contract claim fails to provide fair notice of: (1) the facts of the loss or losses allegedly sustained by Plaintiff; (2) the facts showing Plaintiff's alleged loss or losses were covered under the terms

of the Insurance Policy at issue; and (3) the acts and/or omissions by State Farm which allegedly amount to a breach of State Farm's contractual obligations, if any, to Plaintiff. *Subia v. Texas Dep't of Human Serv.,* 750 S.W.2d 827, 829 (Tex. App. — El Paso 1988, no writ) (trial court can order the plaintiffs to specifically plead a cause of action which was originally pleaded in general terms). Accordingly, Plaintiff should be required to amend her claim for breach of contract and state with particularity: (1) facts supporting the alleged loss; (2) facts demonstrating the portion of the loss covered by the contract of insurance in question; (3) facts of the acts and/or omissions by State Farm which allegedly amounted to a breach of contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiff for State Farm's alleged breach of contract.

14.     **Failure to Identify the Date the Breach of Contract Occurred**. State Farm specially excepts to Plaintiff's Original Petition in its entirety because it is impermissibly vague in that it fails to set forth the date the alleged breach of contract occurred. Therefore, Plaintiff should be required to file an amended pleading setting forth the date the alleged breach of contract occurred.

15.     **Failure to Set Forth Specific Claims/Facts – Breach of Duty of Good Faith and Fair Dealing**. State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims for breach of the duty of good faith and fair dealing set forth therein fail to give State Farm fair notice of the bad faith claims, if any, against it. Plaintiff has failed to give fair and adequate notice of facts and evidence upon which she bases such claims. Plaintiff should be required to file an amended pleading setting forth facts to support her claims for bad faith.

6

16.     In addition, Plaintiff failed to specify the maximum amount of damages sought for State Farm's alleged breach of the duty of good faith and fair dealing. *See* TEX. R. CIV. P. 47.  As a result, Plaintiff should be required to file an amended pleading identifying: (1) all specific common law and/or statutory damages and civil penalties requested by Plaintiff; and (2) the maximum amount of damages sought by Plaintiff for State Farm's vaguely alleged breach of the duty of good faith and fair dealing.

17.     **Failure to Set Forth Specific Claims/Facts — Chapter 541 of the Texas Insurance Code.**  State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of Chapter 541 of the Texas Insurance Code are deficient.  Specifically, Plaintiff has failed to provide timely notice of her intent to seek damages under the Texas Insurance Code.  Moreover, Plaintiff failed to give State Farm fair notice of the facts and circumstances supporting the alleged Insurance Code violations. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff should be required to file an amended pleading which sets forth facts to support her claims for State Farm's alleged violations of Section 541 of the Texas Insurance Code, as well as damages related thereto.

18.     **Failure to Set Forth Specific Claims/Facts — Chapter 542 of the Texas Insurance Code.** State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of Section 542.060 of the Texas Insurance Code are deficient. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff failed to give fair notice of the facts and circumstances supporting the violations she has asserted in her Original Petition. As a result, Plaintiff should be required to file an amended pleading which sets

forth facts in support of Plaintiff's claim for State Farm's alleged violations of Section 542.060 of the Texas Insurance Code violations, as well as damages related thereto.

19.     **Failure to Set Forth Specific Claims/Facts — Texas Deceptive Trade Practices Act.**  State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of the DTPA are inadequate.  Specifically, Plaintiff has failed to provide timely notice of her intent to seek damages under the DTPA.  Moreover, Plaintiff failed to give State Farm fair notice of the facts and circumstances supporting the alleged DTPA violations. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff should be required to file an amended pleading which sets forth facts to support her claim for State Farm's alleged violations of the DTPA, as well as damages related thereto.

20.     **Failure to Set Forth Specific Claims/Facts — Plaintiff's Claims for Knowing and/or Intentional Conduct**. State Farm specially excepts to Plaintiff's Original Petition because Plaintiff failed to provide facts to support her allegation that State Farm acted wrongfully with knowledge and intent to cause harm. Pleading sufficient facts is necessary to inform State Farm of what it is called upon to answer and to enable State Farm to prepare its defense. As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for knowing and/or intentional conduct, as well as alleged damage related thereto.

21.     **Failure to Set Forth Specific Claims/Facts – Plaintiff's Claim for Attorney's Fees for Breach of Contract.** State Farm specially excepts to Plaintiff's Original Petition because Plaintiff has failed to provide a statutory basis for seeking attorney's fees against State

8

Farm. Further, Plaintiff has failed to provide sufficient notice of facts, sufficient demand or the amount of attorney's fees incurred for the purpose of satisfying the requirements of Tex. Civ. Prac. & Rem. Code Chapter 38.

**WHEREFORE, PREMISES CONSIDERED**, Defendant STATE FARM LLOYDS, respectfully requests that the Court sustain its special exceptions to Plaintiff's Original Petition; and, upon final trial and hearing hereof, that Plaintiff take nothing and that State Farm recover its costs, fees, and expenses, and for such other further relief to which State Farm may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 - Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com - Email

**ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 29th day of January, 2016.

Bryant Fitts                                        VIA E-SERVICE
FITTS LAW FIRM PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
bfitts@fittslawfirm.com


_____
**DALE M. "RETT" HOLIDY**

10

Filed
1/29/2016 3:19:56 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Nereyda Flores

## CAUSE NO. 15-DCV-228656

| | | |
|---|---|---|
| CLARA NEWSOME | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| ERIC D. THIBAULT | § | 434TH JUDICIAL DISTRICT |

### DEFENDANT STATE FARM LLOYDS' OBJECTION TO PLAINTIFF'S NOTICE UNDER RULE 193.7

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), a Defendant in the above-entitled and numbered cause, and files this Objection to Plaintiff's Rule 193.7 Notice and would show the Court as follows:

### I.

On December 18, 2015, Plaintiff filed her Original Petition alleging that State Farm breached its duty of good faith and fair dealing and homeowners insurance contract with her and, along with Eric Thibault, committed numerous violations of the Texas Deceptive Trade Practices Act and Sections 541 and 542 of the Texas Insurance Code. Plaintiff's Petition also contains a notice pursuant to Texas Rule of Civil Procedure 193.7 that she intends to use "all discovery instruments produced in this case at trial." (Plt's Orig. Petition at ¶57.) In essence, Plaintiff has attempted to give notice that she may use any document produced by State Farm, regardless of its source or who prepared it, at any pretrial proceeding or trial.

### II.

State Farm objects to Plaintiff's attempt to use Rule 193.7 to authenticate numerous unidentified documents. Rule 193.7 states:

1

> A party's production of *a document* in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial unless—within ten days or a longer or shorter time ordered by the court, after the producing party has *actual notice* that the document will be used—the party objects to the authenticity of the document, or any part of it, stating the specific basis for objection. An objection must be either on the record or in writing and must have a good faith factual and legal basis. An objection made to the authenticity of only part of *a document* does not affect the authenticity of the remainder. If objection is made, the party attempting to use the document should be given a reasonable opportunity to establish its authenticity.

TEX. R. CIV. P. 193.7 (emphasis added). Plaintiff's notice does not comply with Rule 193.7 and is insufficient to trigger State Farm's obligation to object to the authenticity of specific documents. *See* TEX. R. CIV. P. 193.7 cmt. 7 (providing that the ten-day objection period begins to run "not from the production of the material or information but from the party's *actual awareness that the document will be used*.") (emphasis added).

Plaintiff's notice, in effect, turns Rules 193.7 on its head, does not provide State Farm with fair and actual notice of what documents will be used at what hearing, and shifts the burden to State Farm to sift through all of its documents, many of which State Farm undoubtedly will never offer into evidence, and sort out those documents which are authentic and those which are not. State Farm, therefore, objects that Plaintiff's notice fails to provide State Farm with "actual notice" as contemplated and required by the Texas Rules of Civil Procedure.

## III.

Upon Plaintiff's production of a list or description of the specific document at issue, State Farm will review the documents and determine whether an objection is warranted. Until then, State Farm is unable to be more specific in its objections because Plaintiff has not designated any specific documents for authentication by State Farm.

WHEREFORE, PREMISES CONSIDERED, State Farm Lloyds respectfully requests that the Court sustain its objection to Plaintiff's attempt to authenticate documents pursuant to TEX. R. CIV. P. 193.7, and for such other and further relief, general or special, at law or in equity, to which it is entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 - Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com - Email

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 29th day of January, 2016.

Bryant Fitts                                              **VIA E-SERVICE**
FITTS LAW FIRM PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
bfitts@fittslawfirm.com

_____

**DALE M. "RETT" HOLIDY**

3

Filed
1/29/2016 3:19:56 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Nereyda Flores

## CAUSE NO. 15-DCV-228656

| | | |
|---|---|---|
| **CLARA NEWSOME** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **ERIC D. THIBAULT** | § | **434**[TH] **JUDICIAL DISTRICT** |

## ORDER SUSTAINING STATE FARM LLOYDS' OBJECTION TO PLAINTIFF'S NOTICE UNDER RULE 193.7

On this day, after due and proper notice, came on to be considered State Farm's Objection to Plaintiff's Notice Under Rule 193.7, and the Court, having considered said Objection, is of the opinion that said Objection has merit and should be SUSTAINED.

IT IS ORDERED that State Farm Lloyds' Objection to Plaintiff's Notice Under Rule 193.7 is hereby SUSTAINED, that Plaintiff's notice did not comply with TEX. R. CIV. P. 193.7, and that documents produced by State Farm in discovery herein is not authenticated by operation of TEX. R. CIV. P. 193.7.

SIGNED THIS _____ day of _____, 2016.

_____
JUDGE PRESIDING

Filed
2/4/2016 4:02:36 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Nereyda Flores

## CAUSE NO. 15-DCV-228656

| | | |
|---|---|---|
| **CLARA NEWSOME** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **ERIC D. THIBAULT** | § | **434TH JUDICIAL DISTRICT** |

## DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM LLOYDS**, a Defendant herein and demands a trial by jury.  The requisite jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

GERMER PLLC

By: _____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 Telephone
(713) 739-7420 Facsimile
rholidy@germer.com - Email

**ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record on this the 4th day of February, 2016.

Bryant Fitts                                          **VIA E-SERVICE**
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056


_____
**DALE M. "RETT" HOLIDY**

2

Skip to Main Content   Logout   My Account   Search Menu   New Civil Search   Refine Search   Back    Location : Fort Bend   Images   Help

# REGISTER OF ACTIONS

## CASE NO. 15-DCV-228656

**Clara Newsome v. State Farm Lloyds and Eric D. Thibault**

§
§
§
§
§

Case Type:  **Other Civil**
Date Filed:  **12/18/2015**
Location:  **434th District Court**

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | **Attorneys** |
| **Defendant or Respondent** | **State Farm Lloyds** | **Dale M. "Rett" Holidy** |
| | Austin, TX 78701-3218 | *Retained* |
| | | 713-650-1313(W) |
| | | |
| **Defendant or Respondent** | **Thibault, Eric D** | |
| | Kiln, MS 39556-8320 | |
| | | |
| **Plaintiff or Petitioner** | Newsome, Clara | **Carla Delpit** |
| | | *Retained* |
| | | 713-871-1670(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 12/18/2015 | Docket Sheet | |
| | *Docket Sheet* | |
| 12/18/2015 | Petition    Doc ID# 1 | |
| | *Plaintiff's Original Petition and Initial Written Discovery Requests* | |
| 12/18/2015 | Jury Fee Paid | |
| | *Jury Fee Paid* | |
| 12/23/2015 | Issuance    Doc ID# 2 | |
| | *Citation Issued to Eric D Thibault* | |
| 12/23/2015 | Citation | |
| | *Mailed to Atty* | |
| | Thibault, Eric D | Unserved |
| 12/23/2015 | Issuance    Doc ID# 3 | |
| | *Citation Issued to State Farm Lloyds* | |
| 12/23/2015 | Citation | |
| | *Mailed to Atty* | |
| | State Farm Lloyds | Served    01/08/2016 |
| | | Returned    01/18/2016 |
| 12/23/2015 | Letters | |
| | *Form Letter* | |
| 01/18/2016 | Officers Return    Doc ID# 4 | |
| | *Citation Issued to State Farm Lloyds on 12/23/2015* | |
| 01/29/2016 | Answer/Contest/Response/Waiver    Doc ID# 5 | |
| | *Defendant State Farm Lloyds' Original Answer and Special Expcetions* | |
| 01/29/2016 | No Fee Documents    Doc ID# 6 | |
| | *Defendant State Farm Lloyd's Objection to Plaintiff's Notice Under Rule 193.7* | |
| 01/29/2016 | Proposed Order    Doc ID# 7 | |
| | *Order Sustaining State Farm Lloyd's Objection to Plaintiff's Objection to Plaintiff's Notice Under Rule 193.7* | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant or Respondent** State Farm Lloyds | | | |
| | Total Financial Assessment | | | 4.00 |
| | Total Payments and Credits | | | 4.00 |
| | **Balance Due as of 02/04/2016** | | | **0.00** |
| 02/01/2016 | Transaction Assessment | | | 2.00 |
| 02/01/2016 | E-filing | Receipt # 2016-05703-DCLK | State Farm Lloyds | (2.00) |
| 02/01/2016 | Transaction Assessment | | | 2.00 |
| 02/01/2016 | E-filing | Receipt # 2016-05709-DCLK | State Farm Lloyds | (2.00) |
| | | | | |
| | **Plaintiff or Petitioner** Newsome, Clara | | | |
| | Total Financial Assessment | | | 394.00 |
| | Total Payments and Credits | | | 394.00 |
| | **Balance Due as of 02/04/2016** | | | **0.00** |
| 12/21/2015 | Transaction Assessment | | | 392.00 |

| 12/21/2015 | E-filing | Receipt # 2015-67553-DCLK | Newsome, Clara | (392.00) |
| 01/19/2016 | Transaction Assessment | | | 2.00 |
| 01/19/2016 | E-filing | Receipt # 2016-02964-DCLK | Newsome, Clara | (2.00) |